Brent L. VAN BOENING, Appellant,

v.

CHICAGO AND NORTH WESTERN
TRANSPORTATION COMPANY, a
corporation, Appellee.

No. 88–5237.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1989.

Decided Aug. 24, 1989.

Keith A. Queensen, Minneapolis, Minn., for appellant.

Arlo Sommervold, Sioux Falls, S.D., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.

MAGILL, Circuit Judge.

Brent Van Boening brought suit under the negligence section of the Federal Employers' Liability Act, 45 U.S.C. § 51, against his employer, the Chicago and North Western Transportation Company (the Railroad), to recover damages for personal injuries caused by the Railroad's negligence. After a general jury verdict for the Railroad of no liability, Van Boening appealed, alleging three grounds for reversal: (1) the trial court refused to direct a verdict for plaintiff despite uncontradicted evidence of negligence; (2) a jury instruction implicitly injected contributory negligence into the case; and (3) the trial court erred in refusing to admit medical records

---

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of    Minnesota, sitting by designation.

from a nontestifying treating physician. We affirm.

## I.

Van Boening was employed as a laborer in the Railroad "rail change-out crew." In his work, Van Boening used a device known as a "rail expander" to realign railroad track which had contracted. The expander is a hand-operated, mechanical ratchet-type jack, with a track lining bar used as a leveraging handle. In operating the expander, it lies horizontally between the rails and a worker removes the plates holding the rails to the tie, screws the base of the jack to the rail, inserts the lining bar in the jack, and levers the bar by downward pressure, much in the manner of using a tire jack.

On or about August 23, 1984, Van Boening was using the rail expander. At trial, he testified that when he applied pressure to the bar, "everything gave way," the bar went straight down to the ground, and he fell to his hands and knees. He resumed work, and ratcheted the expander several times without problem, but shortly thereafter the bar gave way in the same fashion, and Van Boening again fell to the ground.

Van Boening's complaint alleged that the Railroad was negligent in failing to devise and implement proper procedures for work performance, failing to provide and maintain safe and efficient tools, and failing to provide a reasonably safe workplace. The Railroad initially pleaded contributory negligence, but that issue was withdrawn at trial, and the Railroad argued that neither the plaintiff nor the defendant were at fault in the accident.

Van Boening claimed that he injured his lower back as a result of the accident, and eventually required surgery in October 1986. Two doctors testified by videotaped deposition that the accident could have contributed to Van Boening's injury. The Railroad argued at trial that Van Boening's injuries were attributable to several accidents he had working as a brick mason after he left the Railroad's employ.

## II.

### A. Motion for Directed Verdict

■ Van Boening contends that uncontradicted evidence of negligence entitled him to a directed verdict on the issue of negligence.

[I]t is well settled that the court may withdraw a case from [the jury] altogether and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it.

*Delaware, L.R. Co. v. Converse,* 139 U.S. 469, 472, 11 S.Ct. 569, 570, 35 L.Ed. 213 (1891). A directed verdict should be reserved for the exceptional case where there can be but one reasonable conclusion as to the verdict. *Borough v. Duluth, Missabe & Iron Range Ry. Co.,* 762 F.2d 66, 68 n. 1 (8th Cir.1985).

Van Boening's citation to *Knierim v. Erie Lackawanna Railroad Co.,* 424 F.2d 745, 747 (2d Cir.1970), is inapposite. In *Knierim,* the court of appeals upheld entry of a motion for directed verdict on the issue of liability where two trains going in opposite directions on the same track crashed and no alternative cause of the accident not involving negligence was suggested. Here, the evidence sufficiently raised several issues of fact submissible to the jury, *i.e.,* whether the Railroad was negligent, and whether such negligence, if any, was a cause of any injury to Van Boening. Testimony from Van Boening and from two doctors that treated him was sufficient to raise these jury questions. We find that the district court did not abuse its discretion in declining to enter a directed verdict.

### B. Contributory Negligence

■ Van Boening challenges the jury instructions and resulting arguments of counsel with respect to the proper consideration of his conduct. In an instruction stating the case before the jury, the trial court instructed that there was no issue of plaintiff's contributory negligence in the case, and any reference thereto was to be

disregarded. Instruction No. 5.[1] In an instruction on defendant's duties to furnish a safe workplace, the court instructed, at defendant's request, that "evidence concerning the manner and way in which Van Boening used the equipment is proper for your consideration." Instruction No. 11.[2] On appeal, Van Boening claims that the "manner and way" instruction effectively put the issues of contributory negligence and assumption of risk before the jury, with resulting confusion of the jury and prejudice to the verdict.

In a FELA case, the defendant bears the burden of proving contributory negligence. *Wilson v. Burlington Northern, Inc.*, 670 F.2d 780, 782 (8th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2934, 73 L.Ed.2d 1333 (1982). A jury finding of contributory negligence proportionally reduces a plaintiff's recovery. *Id.* at 784. The issue of contributory negligence is submissible to the jury only if a defendant offers some evidence independent of the plaintiff's testimony from which a jury could reasonably find a lack of due care by the plaintiff. *Id.*

This court has ruled that giving a contributory negligence instruction where there was no evidence of a plaintiff's lack of due care was error. *Id.; Birchem v. Burlington Northern R.R. Co.*, 812 F.2d

at 1049 (no error in not giving contributory negligence instruction where defendant produced no independent evidence of plaintiff's negligence). But here, no contributory negligence instruction was requested or submitted to the jury. The Railroad conceded and argued there was no contributory negligence. A defendant need not bear a burden of production in order to raise questions of fact for the jury as to its own negligence or to causation. *Cf. Coleman v. Burlington Northern, Inc.*, 681 F.2d 542, 545 (8th Cir.1982) (attack on plaintiff's credibility may create question of fact on causation in Safety Appliance Act claim). In a case such as this, it would be impossible to preclude the jury from considering the manner and way in which the accident occurred; plaintiff's claim of the Railroad's negligence necessarily requires an explanation of the manner in which plaintiff used the allegedly defective equipment and how his injury resulted from that use.

We recognize the possibility of prejudice where defendant's argument focuses on plaintiff's conduct, yet the argument disclaims any imputation of a lack of due care in that conduct. However, the Railroad rightly points to another standard instruc-

1. Instruction No. 5 reads as follows:
    For his cause of action against Defendant, Plaintiff alleges that on or about August 23, 1984, in Nenzel, Nebraska, while he was engaged in performing the duties of his employment, lining track, he was injured and that his injury was caused by Defendant's negligence.
    Defendant claims that it was not negligent. There is no issue of contributory negligence on the part of Plaintiff remaining in this case. Therefore, you will disregard any reference made, during the course of the trial, to any contributory negligence allegedly done by Plaintiff.

2. Instruction No. 11 reads:
    It was Defendant's continuing duty, as an employer, at the time and place in question, to use ordinary care under the circumstances, in furnishing Plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition. This does not mean, of course, that Defendant is a guarantor or insurer of the safety of the work place.
    You are instructed that Defendant has the nondelegable duty to provide safe applicances

[sic], tools, and equipment for the use of its employees. "Non-delegable" means that that duty cannot be shifted to any other person including its employees. However, *evidence concerning the manner and way in which Van Boening used the equipment is proper for your consideration.*
    You are instructed that it was the continuing duty of the Defendant to give its employees proper instructions relative to the plan and method of doing the work involved. [Emphasis added.]
    Van Boening challenges the use of this instruction, derived from *Birchem v. Burlington Northern R.R. Co.*, 812 F.2d 1047, 1049 (8th Cir.1987), on the grounds that in *Birchem*, it was given as a cautionary instruction at trial. As the following discussion indicates, we hold such an instruction to be proper whether given as a cautionary instruction in refusing a contributory negligence instruction, or as an instruction at the close of the case where contributory negligence is not an issue and the evidence supports an inference of an alternative cause of the accident.

tion given here as the predicate for its defense: "The mere fact that an accident happened, standing alone, does not, unless otherwise expressly stated, permit the jury to draw the inference that the accident was caused by anyone's negligence." Instruction No. 10. *See Toledo, S.L. & W.R. Co. v. Allen,* 276 U.S. 165, 48 S.Ct. 215, 72 L.Ed. 513 (1928). Although the Railroad, in closing argument, did not dispute Van Boening's testimony of how the accident happened, it did challenge Van Boening's explanation of why the accident happened, in arguing that the rail expander was not defective.

From the general verdict, it is impossible to determine whether the jury found against Van Boening on negligence, causation, or damages. The jury could have found against Van Boening for any of these reasons, based on Van Boening's direct and cross-examination testimony. The jury could reasonably have concluded that Van Boening failed to meet his burden of proof. The verdict was consistent with the instruction that plaintiff's contributory negligence was not at issue. Under the facts of this case, permitting the jury to consider the manner and way in which the accident happened did not impermissibly introduce the issue of contributory negligence or assumption of risk.[3]

### C. Medical Records

 Van Boening argues that medical records of Dr. Owen, who treated him after his accident in August and September of 1984, should have been admitted in evidence. The Railroad stipulated to the foundation of the records in a pretrial agreement, but argued successfully at trial that they were inadmissible because Dr. Owen was not available for cross-examination as to his opinions. The Railroad further asserts on appeal that any error in exclusion did not substantially prejudice Van Boen-

---

**3.** We note that our holding on this issue should not suggest that we consider the challenged language in Instruction No. 11 to be authorized under *Birchem v. Burlington Northern R.R. Co.,* 812 F.2d 1047, 1049 (8th Cir.1987). We agree that jurors must be given the wherewithal to visualize the circumstances surrounding an accident, but we believe that this instruction, by

ing. We find no clear abuse of discretion in the court's ruling.

### III.

Accordingly, the judgment of the district court entered on the jury verdict for the Railroad is affirmed.

directing jurors to consider the manner in which the employee used his equipment, carries an oblique, subliminal message that the employee may have misused his equipment. Hence, we conclude that the challenged portion of Instruction No. 11 was dangerous surplusage. It should have been omitted.