**Kenneth McNEAL, Plaintiff–Appellant,**

v.

**UNION PACIFIC RAILROAD CO., Defendant–Respondent.**

No. 62377.

Missouri Court of Appeals, Eastern District, Division Two.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Application to Transfer Denied Aug. 17, 1993.

Jon G. Carlson and Brian M. Wendler, Carlson & Hellmann, Edwardsville, Jerome Bollato Bartley, Goffstein Bollato & Lange, Clayton, for plaintiff–appellant.

Thompson & Mitchell, Dan Howe Ball and James W. Erwin, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Plaintiff, Kenneth McNeal, appeals from the judgment entered on a jury verdict in favor of defendant, Union Pacific Railroad Company, in his action under the Federal Employers' Liability Act (F.E.L.A.). We affirm.

Plaintiff was working as a conductor for defendant on the day of his alleged back injury. Plaintiff had worked for defendant for nine years without previous incident. At the time of this incident, plaintiff was responsible for operating the railroad switches. These switches, located at various points along the length of the railroad track, are used to change the track over which the train will travel.

Plaintiff's theory at trial was that one of defendant's switches was defective—that is, while attempting to engage the switch in an upward motion, it "suddenly locked up" thereby causing plaintiff's injury.

Defendant presented evidence that the switch in question, when correctly operated, was functioning properly without adjustment after plaintiff's accident. In addition, medical records demonstrated that plaintiff had previously been treated for physical injuries of the type complained of at trial.

Plaintiff brought this action pursuant to F.E.L.A., 45 U.S.C. § 51, which provides in pertinent part:

**438**

Every common carrier by railroad while engaging in commerce between any of the several States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part ... by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Plaintiff first claims the trial court erroneously admitted testimony pertaining to defendant's "Wage Continuation Program." According to plaintiff, admission of such evidence violates the collateral source rule, which precludes a wrongdoer from having "damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him." *Iseminger v. Holden*, 544 S.W.2d 550, 552 (Mo. banc 1976). Similarly, in his third point, plaintiff challenges the admissibility of evidence of defendant's "Job Program for Injured Workers," stating that said evidence was immaterial to any issues raised.

Immediately before trial plaintiff raised a motion in limine seeking to prevent defendant from presenting evidence relating to the Wage Continuation and the Job programs. The trial judge denied plaintiff's motion at that time. He indicated that he would rule on the matter at trial and that his ruling would depend "upon how it comes up."

At trial, plaintiff failed to object to the evidence. Further, he interjected the issue himself in his opening statement and through his direct examination of plaintiff.

A ruling on a motion in limine is, at most, a preliminary expression of the trial court's opinion of the admissibility of evidence. *Simpson v. Smith*, 771 S.W.2d 368, 371 (Mo.App.1989). Often a trial judge will decline to make a ruling based on a hypothetical situation, and will wait until the evidence is actually presented at trial. Thus, in order to preserve the error for appellate review, a party must, *inter alia,* make a specific objection at trial to the introduction of evidence sought to be excluded by the motion in limine. *Id.; Frye v. Meramec Marina, Inc.*, 673 S.W.2d 451, 454 (Mo.App.1984).

By not objecting at trial, plaintiff has failed to preserve the alleged error for appellate review. In addition, plaintiff waived any objection to the admissibility of the two programs by interjecting the issue in his case. Points one and three are denied.

For his second point, plaintiff claims that the trial court erred in instructing the jury on the issue of contributory negligence. Plaintiff contends that defendant failed to present evidence independent of plaintiff's own testimony warranting inclusion of the instruction.

In a F.E.L.A. action, the employee's contributory negligence is not a complete bar to recovery, but rather operates to reduce proportionately the employee's recovery. *Van Boening v. Chicago and North Western Transportation Co.*, 882 F.2d 1380, 1381 (8th Cir.1989). Here, the jury returned a verdict for defendant, finding that there was no liability. The issue of plaintiff's own negligence, or of his conduct, was not included in the verdict directing instruction on employer liability. Because the jury found for defendant on the issue of liability, it never reached the question of damages. Plaintiff's contributory negligence was therefore not at issue. *See id.* at 1383. Plaintiff has failed to demonstrate any prejudice due to inclusion of the instruction. *Cf. Lee v. Mirbaha*, 722 S.W.2d 80, 83–84 (Mo. banc 1986) (lack of prejudice in giving comparative fault instruction evidenced by unanimous verdict in defendants' favor in medical malpractice action); *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518, 521 (Mo. banc 1986) (reversal unwarranted notwithstanding erroneous comparative fault instruction where jury unanimously found in favor of defendant and product liability verdict director did not cross-reference erroneous instruction). Plaintiff's point is denied.

Plaintiff also challenges the trial court's ruling which prevented him from telling the jury during voir dire that recovery pursuant to F.E.L.A. was plaintiff's sole remedy.

The trial court is vested with broad discretion in the control of counsel's conduct during voir dire and his ruling thereon will not be disturbed unless the facts indicate a manifest abuse of discretion ... because the trial court is in a better position to gauge the effect on the jury panel of the matter claimed to be prejudicial....

*Anderson v. Burlington Northern Railroad Co.*, 700 S.W.2d 469, 473 (Mo.App. 1985), *cert. denied*, 476 U.S. 1116, 106 S.Ct. 1974, 90 L.Ed.2d 657 (1986) (citations omitted). Whether plaintiff was eligible for any other benefit is irrelevant to the issue of defendant's liability under F.E.L.A. Further, the court, not counsel, is responsible for instructing the jury on the law. *Halford v. Yandell*, 558 S.W.2d 400, 411 (Mo.App.1977). Accordingly, the trial court did not abuse its discretion. *Accord Stillman v. Norfolk & Western Railway Co.*, 811 F.2d 834, 838 (4th Cir.1987).

We have reviewed plaintiff's remaining points. No error of law appears. An extended opinion would have no precedential value. Plaintiff's points are denied. Rule 84.16(b).

The judgment of the trial court is affirmed.

PUDLOWSKI and GRIMM, JJ., concur.