NORWEST BANK NEBRASKA, N.A., A FEDERAL BANKING
INSTITUTION, APPELLEE, V. BILL R. BOWERS AND ILENE SUE
BOWERS, APPELLANTS.

516 N.W.2d 623

Filed June 3, 1994.   No. S-92-718.

Jerome J. Ortman for appellants.

Thomas M. Locher and Kevin J. Dostal, of Hansen, Engles & Locher, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and WRIGHT, JJ.

PER CURIAM.

Following a bench trial, the district court for Douglas County entered judgment in favor of Norwest Bank Nebraska, N.A. (Norwest Bank). Norwest Bank had sued Ilene Sue Bowers and her husband, Bill R. Bowers, to have certain conveyances by Henry and Eleanor Greenberg to their daughter, Ilene, set aside as fraudulent. The Bowerses now seek review of the district court's order overruling their motion for new trial.

We affirm the order of the district court.

## FACTS

On March 18, 1992, Norwest Bank filed a second amended petition in a consolidated lawsuit against Ilene Sue Bowers and her husband, Bill R. Bowers, pursuant to the Uniform Fraudulent Conveyance Act (UFCA), Neb. Rev. Stat. § 36-601 et seq. (Reissue 1988). The UFCA was repealed by the Legislature in 1989 and was replaced with the Uniform Fraudulent Transfer Act, Neb. Rev. Stat. § 36-701 et seq. (Cum. Supp. 1992). In this case, Norwest Bank's cause of action against the Bowerses accrued in 1987. Statutes covering

substantive matters in effect at the time of the transaction govern, not later enacted statutes. *Schall v. Anderson's Implement*, 240 Neb. 658, 484 N.W.2d 86 (1992); *Holthaus v. Parsons*, 238 Neb. 223, 469 N.W.2d 536 (1991).

The petition alleged that in 1987 Norwest Bank's judgment debtor, Henry Greenberg, and his now-deceased wife, Eleanor Greenberg, fraudulently conveyed interests in three parcels of real estate, an automobile, a computer, and $68,869 in cash to their daughter, Ilene Sue Bowers.

Following a bench trial, the district court, on July 27, 1992, found that the transfers were made when Henry Greenberg was insolvent and that the transfers were made to hinder, delay, and defraud creditors, and it entered judgment for Norwest Bank. On July 30, the Bowerses filed a document entitled "Defendants' Motion for Judgment Notwithstanding the Verdict, in the Alternative for a New Trial, or, in the Alternative, for an Order of Remittitur and Notice of Hearing."

At a hearing on August 17, 1992, the Bowerses' counsel twice expressed his intent to file an appeal that same day and twice requested that the trial court overrule the Bowerses' motion for new trial. The trial court then overruled the motion for new trial.

On that same day, presumably subsequent to the trial court's overruling of their motion for new trial, the Bowerses filed a notice of intent to appeal which stated in relevant part:

> COME NOW the Defendants, and hereby give notice of their intent to appeal to the Nebraska Court of Appeals *from the overruling of Defendants' Motion for New Trial* entered herein by the Hon. Joseph S. Troia, District Court of Douglas County, Nebraska, dated August 17, 1992[,] for the reason that same is not supported by the evidence and it is contrary to law.

(Emphasis supplied.)

The Bowerses then proceeded with their appeal, raising several assignments of error. The case was removed from the Nebraska Court of Appeals to this court pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ANALYSIS

It has long been the rule in this state that a party cannot complain of error which he has invited the court to commit. See, e.g., *Missouri P. R. Co. v. Fox*, 60 Neb. 531, 83 N.W. 744 (1900); *Campbell v. Crone*, 10 Neb. 571, 7 N.W. 334 (1880). Accord, *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991); *First West Side Bank v. Hiddleston*, 225 Neb. 563, 407 N.W.2d 170 (1987); *Fuel Exploration, Inc. v. Novotny*, 221 Neb. 17, 374 N.W.2d 838 (1985).

The Bowerses' counsel, not once, but twice, requested that the trial court overrule the Bowerses' motion for new trial. The trial court complied with this request. Assuming but not deciding that it was error for the trial court to overrule the Bowerses' motion for new trial, this court finds that it was error invited by the Bowerses themselves. Therefore, the Bowerses will not now be heard to complain of the trial court's overruling their motion for new trial.

Because the Bowerses have appealed from only the overruling of their motion for new trial, there are no other issues before the court on appeal.

## CONCLUSION

The order of the district court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.
LANPHIER, J., not participating.
WHITE, J., dissents.