CONSTANCE JOANNE RIPP, ADMINISTRATRIX OF THE ESTATE OF RICHARD F. RIPP, DECEASED, APPELLANT, V. CHARLES RIESLAND ET AL., APPELLEES.
125 N. W. 2d 699

Filed January 10, 1964.   No. 35432.

John A. Wagoner and Baylor, Evnen, Baylor & Urbom, for appellant.

Luebs, Elson, Tracy & Huebner, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action by Constance Joanne Ripp as administratrix of the estate of Richard F. Ripp, deceased, hereinafter referred to as plaintiff, to recover for the alleged wrongful death of her husband in the collision of his automobile and one operated by Charles Riesland at an unprotected county intersection in Hall County. The jury returned a verdict for the defendants and the plaintiff has perfected an appeal to this court.

This is the second appearance of this cause in this court. See Ripp v. Riesland, 170 Neb. 631, 104 N. W. 2d 246. Therein, we vacated a verdict in favor of the plaintiff, reversed a judgment entered thereon, and remanded the cause for a new trial.

The defendants are Charles Riesland and Elmer H. Riesland, his father. They will be hereinafter referred to collectively as defendants, and individually by their respective names. By virtue of the law applicable to

the circumstances herein, any negligence of Charles Ries-
land is imputed to his father, Elmer Riesland.

The facts which were adduced at the second trial are
substantially the same as those adduced at the first
trial. Inasmuch as the facts necessary to understand
the problems involved are adequately set out in our
first opinion in 170 Neb. 631, 104 N. W. 2d 246, they will
not be set out herein.

Plaintiff in her first assignment of error complains
among other things of the alleged failure of the trial
court in instruction No. 1 to submit to the jury the
issue of reasonable control when such issue was pre-
sented by the pleadings and the evidence. Plaintiff in
her petition sets out the following specific allegation of
negligence on the part of the defendants: "That the
defendant Charles Riesland failed to have and keep the
said Ford automobile under reasonable and proper con-
trol as he approached and reached said intersection;
when, by the exercise of ordinary care, he knew or
should have known that he was going to collide with
an automobile driven by Richard F. Ripp."

In its instruction No. 1, in which the trial court set
out the acts of negligence alleged by the plaintiff, the
court omitted any reference to the alleged failure of
Charles Riesland to keep his automobile under reason-
able control. This would have the effect of eliminating
this specification from the consideration of the jury.

We have repeatedly reiterated the rule that the driver
of a motor vehicle should have his car under such rea-
sonable control as will enable him to avoid collision
with other vehicles, assuming that the drivers thereof
are exercising due care. See Paddack v. Patrick, 163
Neb. 355, 79 N. W. 2d 701. We have defined reasonable
control to be such control as will enable drivers to avoid
collision with other vehicles operated without negli-
gence in streets and intersections, and with pedestrians
in the exercise of due care. See Spomer v. Allied Elec-
tric & Fixture Co., 120 Neb. 399, 232 N. W. 767.

The defendants concede the correctness of the rule of law urged by the plaintiff, but dispute its application herein. Defendants urge that the portion of the allegation, "when, by the exercise of ordinary care, he knew or should have known that he was going to collide with an automobile driven by Richard F. Ripp," is a part of the allegation and limits the balance of it. Defendants contend that the trial court did not have a duty to include any part of the allegation unless the whole allegation was supported by the evidence, which defendants urge is not the case. There is no merit to defendants' position. There is evidence which, if believed, is sufficient to sustain plaintiff's allegation.

The trial court did give instruction No. 5 which set out the duty of a driver to have his vehicle under reasonable control, but, as suggested, omitted it as a specification of the negligence alleged by the plaintiff. Under the pleadings and the evidence, plaintiff was entitled to the enumeration of this specific allegation. Instruction No. 5 did not cure its omission. The failure to include it was prejudicial error.

In Krepcik v. Interstate Transit Lines, 153 Neb. 98, 43 N. W. 2d 609, we said: " 'It is the duty of the trial court, without request, to submit to and properly instruct the jury upon all the material issues presented by the pleadings and the evidence.' Dunlap v. Welch, 152 Neb. 459, 41 N. W. 2d 384. * * * It is the uniform and proper practice in this state that where specific acts of negligence are charged and supported by the evidence, the trial court instructs as to the specific acts so alleged and supported. * * * To fail to do so, whether or not requested to do so, is error."

Plaintiff's first assignment of error is also directed to the inclusion in instruction No. 1 of defendants' allegation that plaintiff's decedent "failed to exercise ordinary and reasonable care while approaching and entering an intersection where his view was obstructed." Plaintiff prior to the trial moved to strike the allega-

tion as a conclusion of the pleader and not a specific act of negligence. This was overruled. Plaintiff's motion pointed up the vice of the allegation. What is the ultimate act of negligence alleged? Is it failure to maintain a proper lookout, failure to have his car under reasonable control, excessive speed under the circumstances, or what? The jury at best is left to speculate on what act or acts plaintiff's decedent failed to do which would be required by the exercise of reasonable care, or what acts he may have done which would not constitute ordinary and reasonable care. The questioned pleading was nothing more than a conclusion of the pleader constituting a very general allegation of negligence. This type of pleading has been condemned by this court on many occasions. The enumeration of specific acts of negligence should state the ultimate acts of negligence and not a conclusion of the pleader. See, Bezdek v. Patrick, 170 Neb. 522, 103 N. W. 2d 318; Ficke v. Gibson, 153 Neb. 478, 45 N. W. 2d 436; and page 424 of Chief Justice White's article, "Some Approaches to the Instructional Problem," in 40 Neb. Law Rev. 413.

In the third assignment of error, plaintiff suggests the similarity of the facts herein to the facts in Malcom v. Dox, 169 Neb. 539, 100 N. W. 2d 538, and urges that she was entitled to an instruction that the defendants were guilty of negligence as a matter of law. The plaintiff not only did not request such instruction, but actually submitted an instruction, given in essence by the trial court, which told the jury that the burden was on the plaintiff to establish by a preponderance of the evidence that the defendant was negligent in one or more of the respects charged. Further, while it is true there is a striking similarity between the facts in the two cases, here the jury could and, considering the verdict, must have found that Charles Riesland was actually in the intersection at the time he saw the decedent's car 75 feet down the road, that he had the right-of-way, and that he acted as a reasonably prudent man under the cir-

cumstances. Plaintiff's first analysis of the facts is the correct one. Defendants' negligence is a question of fact for the jury.

Plaintiff's fourth assignment of error involves instruction No. 3 given by the trial court, which is as follows: "You are instructed that the defendants in their answer deny the material allegations of plaintiff's petition wherein they charge negligence on the part of Charles Riesland, and also in said answer allege negligence on the part of Richard F. Ripp. The charge of negligence on the part of Richard F. Ripp pleaded in the answer of the defendants is an affirmative defense and, *unless such contributory negligence is disclosed by plaintiff's own evidence,* then before the defendants can avail themselves of that defense they must have proved, by a preponderance of the evidence, that, (1.) said Richard F. Ripp was guilty of negligence in one or more of the particulars set out in their answer, and (2.) that such negligence on the part of Richard F. Ripp, if any, was the proximate cause of the accident, or if not the sole proximate cause of the accident, was nevertheless a cause which proximately contributed to said accident, and that such contributory negligence on the part of the said Richard F. Ripp was more than slight when compared with the negligence, if any, of the defendants." (Italics supplied.) We cannot say that the italicized portion of the instruction might not be misleading. The jury could conclude from the instruction that defendants only had the burdens enumerated if no contributory negligence is disclosed by plaintiff's evidence. The burden of proving contributory negligence is always on the defendant alleging it and does not shift during the trial. A defendant is entitled to receive the benefit of the plaintiff's evidence tending to prove contributory negligence. See McGahey v. Citizens Ry. Co., 88 Neb. 218, 129 N. W. 293. The instruction should be so phrased that there can be no question that while de-

fendant is entitled to the benefit of plaintiff's evidence, he still must meet the burdens imposed.

Plaintiff's sixth assignment of error alleges that the trial court's definition of contributory negligence as " 'Contributory negligence' consists of doing the wrong thing at the time and place in question, or it may arise from doing nothing when something should have been done," placed a heavier burden upon the plaintiff than the burden of care relating to the ordinarily prudent person. Standing alone, this is true. In any event, the definition is not very enlightening. On many occasions we have defined the term as follows: " 'Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause.' Corbitt v. Omaha Transit Co., 162 Neb. 598, 77 N. W. 2d 144." Edmunds v. Ripley, 172 Neb. 797, 112 N. W. 2d 385. Essentially "contributory negligence" means any negligence of the plaintiff directly and proximately contributing to cause the accident.

Plaintiff's assignment of error No. 7 involves the first sentence in the last paragraph of the trial court's instruction No. 26, which is as follows: "In determining the facts, Ladies and Gentlemen of the Jury, *you should proceed upon the theory that all witnesses have tried to testify truthfully.*" (Italics supplied.) The trial court in this sentence is actually passing upon the credibility of witnesses. He is informing the jury that in his judgment the witness is trying to testify truthfully. The jurors are the judges of the credibility of the witnesses. Instruction No. 25 given by the trial court correctly instructed them in that regard. The questioned sentence should not have been given. We said in Snowart v. City of Kimball, 174 Neb. 294, 117 N. W. 2d 543: "Triers of fact are not required to accept as absolute verity every

statement of a witness not contradicted by direct evidence. The persuasiveness of the evidence may be destroyed even though not contradicted by direct evidence."

Plaintiff's ninth assignment of error was directed to the permitting of an expert to base an opinion in part upon facts not supported by the evidence. There is a question as to whether plaintiff's objection of "no sufficient foundation" fully raised the point in question, which was the assumption in the hypothetical question of facts not in evidence. Because reversal here is necessary for other errors, we need not determine this point. We do note, however, that it is obvious that the hypothetical question assumed facts not in evidence.

There are other errors assigned. They either have no merit or we believe they will not reoccur in another trial of this case. It will serve no useful purpose to extend this opinion by discussing them herein.

For the reasons enumerated, the judgment should be and it is reversed, and the cause is remanded to the district court for Hall County for further proceedings according to law.

REVERSED AND REMANDED.