FRANCES MCCALL, EXECUTRIX OF THE ESTATE OF JAMES D. MCCALL, DECEASED, APPELLEE, V. ELLEN J. WEEKS ET AL., APPELLANTS.

164 N. W. 2d 206

Filed January 24, 1969. No. 36853.

Wagoner & Grimminger, for appellants.

John R. Sullivan and John E. Dougherty, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an appeal from a jury verdict and judgment for $18,000 in a personal injury automobile accident occurring at an open country intersection. We affirm the judgment.

The accident occurred at about 10:30 a.m. on August 25, 1964, a clear, dry day at an open intersection south of Ord, Nebraska. Ellen J. Weeks, hereinafter called defendant, was proceeding north and the plaintiff's decedent was driving west. Plaintiff's decedent had the directional right-of-way. The accident occurred at almost the exact center of the intersection and the front end of defendant's car collided with the left center of the automobile of plaintiff's decedent. There is evidence in the record that the defendant was traveling 35 to 40 miles per hour; that the view up to the fence lines on the southeast corner of the intersection were obstructed by trees and grass and weeds; and that the defendant did not observe the automobile of plaintiff's decedent until she was within two car lengths distance

from it. The automobile of plaintiff's decedent traveled about 30 feet from the point of impact and wound up against an R.E.A. pole in the vicinity of a ditch on the northwest corner. The defendant's automobile traveled slightly to the left or west and forward to the north about 15 feet.

The defendant attacks the giving of instruction No. 1 in which the court submitted the following allegations of negligence on the part of the defendant, Ellen J. Weeks: "(a) That defendant failed and neglected to keep and maintain a proper and sufficient lookout; * * * (c) That defendant failed, refused and neglected to give, grant and accord the plaintiff's machine the right-of-way * * *; (d) That defendant operated their automobile at a high, careless, reckless and negligent rate of speed, to-wit: at 35 to 40 miles an hour and at such a rate of speed that they could not stop, turn aside and avoid an accident; (e) That defendants failed to reduce speed when entering and crossing on intersections of highways." The above instruction submits the usual issues in open intersection cases. The evidence is that the defendant failed to see the decedent's automobile until she was two car lengths away from it and after she must have been in the intersection. Her own testimony as to a speed of 35 to 40 miles an hour as she entered the intersection and up to the point where she was two car lengths away is obviously sufficient to submit the issues of reasonable speed under the circumstances (subdivision d) and the failure to reduce speed when entering an intersection (subdivision e). As to subdivision (c) relating to right-of-way, the defendant herself testified and the evidence in this case leaves no other conclusion than that both automobiles reached the intersection at approximately the same time. As we have stated many times, when automobiles collide in the center of an ordinary intersection of highways and there is no evidence of substantial difference in speeds of the vehicles, it is generally self-evident that they approached the

intersection at approximately the same time and under the rule that when two vehicles approach an intersection at approximately the same time, the driver on the left must yield the right-of-way to the vehicle on the right and which is traveling at a lawful rate of speed. See, Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496; Cappel v. Riener, 167 Neb. 375, 93 N. W. 2d 36. As to subdivision (a), the evidence clearly sustains the question on lookout, probably the basic instruction in any open intersection case. A driver entering an intersection of two highways is obligated to look for approaching vehicles and to see any vehicle within the radius which denotes the limit of danger, and a driver who enters an intersection and looks for approaching vehicles but fails to see one which is favored over him under the rules of the road is guilty of negligence. Wolstenholm v. Kaliff, 176 Neb. 358, 126 N. W. 2d 178; Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652; Mills v. Bauer, 180 Neb. 411, 143 N. W. 2d 270.

The defendant complains of instruction No. 4 which submitted the issue of contributory negligence of the deceased. It is not necessary to reach that issue. The defendant's own version of the accident was that the decedent reached the intersection ahead of her; that he was on the right; and that she collided with the center of decedent's vehicle. There is no evidence that the automobile of decedent was traveling at an excessive or unreasonable rate of speed. The most that could be elicited from the defendant in her testimony on this point was that she saw the profile of the deceased just before the collision occurred. She gave no estimate of his speed. Consequently, there being no evidence of contributory negligence, there could be no prejudicial error in the giving of the instruction; however, we have also examined instruction No. 4 and when considered in conjunction with instruction No. 25 on comparative negligence, we come to the conclusion that there was no error in the instruction as given. Instructions should not be

considered out of context and must always be considered in conjunction with the other instructions given upon the subject involved.

The defendant complains of instruction No. 5 given by the court which reads in part as follows: " 'Contributory negligence' consists of doing the wrong thing at the time and place in question, or it may arise from doing nothing when something should have been done." Contributory negligence means any negligence of the plaintiff directly and proximately contributing to the cause of the accident. Ripp v. Riesland, 176 Neb. 233, 125 N. W. 2d 699. Negligence was otherwise properly defined, without objection, in instructions given by the court. This instruction attempts, in lay language, to paraphrase an essential meaning of the definition of negligence. While it would have perhaps been better to have used the standard language of our cases in defining contributory negligence, we can see nothing misleading or of a prejudicial nature in this instruction as given. This identical instruction was given in the case of Ripp v. Riesland, *supra*, and this court in commenting on this instruction pointed out that the error, if any, was more favorable to the defendant than to the plaintiff. We conclude that the giving of this instruction was without prejudicial error.

Defendant finally attacks the giving of instruction No. 27 with respect to damages and injuries. The entire instruction given is as follows: "You are instructed that the fact, if it be a fact, that plaintiff's decedent was at the time of the accident suffering from emphysema does not prevent the plaintiff from recovering in the cause for such injuries and damages as were proximately caused by an act or ommission (sic) on defendant's part.

"If you find from a prepondrance of the evidence that the accident aggravated any pre-existing condition coupled with his other injuries, plaintiff's estate would be entitled to recover the full amount for pain and suffering, however, if you find that the damages between

the pre-existing condition and the condition resulting from the accident can be proportioned, then you will only find such damages as the proportional amount you find was due to and proximately caused by the evidence in question.

"If however you find from all the evidence in this cause that the damages cannot be apportioned as to what was caused by the accident and what was caused by the pre-existing condition, then you are instructed the defendants are liable for the entire amount." The testimony in this case is that the plaintiff's decedent was suffering from a lung condition known as emphysema prior to the accident. A medical witness testified that he saw the plaintiff's decedent after the accident; that he was having marked difficulty breathing; that he had a purplish color about the skin which indicated that the skin was not receiving sufficient oxygen; that his face and jaws were enclosed in the bandages which made it difficult for him to talk; and that he was experiencing rather obvious pain and discomfort and apprehension concerning his breathing. He had a fracture of the jaw in three different places, one on each side and one just below the joint. He had a partial collapse of his left lung which was painful to him to breathe because he had some healing fractures of the left ribs. He had a 50 percent capacity of the left lung. This is known as a pneumothorax. He had ulcers along the lower and upper gum portions and also all over the pallet. These continued during the course of his treatment. His jaw had slipped out of place at different times. Neither of these fractures had healed. He suffered pain in several areas, mainly in the chest, and associated with the fractured ribs. The pain persisted during the entire course of treatment. He was having pain every time that he would breathe and it was difficult for him to catch his breath. The medical testimony was that the injuries that the man received in the accident aggravated his general condition to the point where he was suffering from total disability. To

summarize the medical testimony, the plaintiff's decedent in this accident suffered multiple fractures of the jaw and fractures of the ribs on the left side, producing a continuing persistent situation where he was totally disabled because of his inability to breathe and, from the pain in his jaw, his inability to properly masticate his food. This aggravation of the preexisting condition and disability continued until the time of the death of the plaintiff's decedent. There is no contention in this case that the verdict was excessive nor is there any medical testimony on behalf of the defendant whatsoever as to either the preexisting condition, the effect of the preexisting condition of emphysema, or its aggravation.

The defendant's argument, in effect, is that the language of the instruction concerning the apportionment between the preexisting condition and the injuries caused by the accident permitted recovery for injuries and damages that were not proximately caused by the accident. It is clear from reading the whole instruction that the jury was limited to permitting damages for pain and suffering arising from an *aggravation* of a preexisting injury which aggravation was proximately caused by the negligence of the defendant. The court, in attempting to relieve the defendant from liability for pain and suffering which was separable from that proximately caused directly by the accident or by way of aggravation of a preexisting injury did not, in any way, mitigate or reduce the affirmatively stated proposition that the plaintiff could only recover if it was shown by a preponderance of the evidence that the aggravation of a preexisting condition was proximately caused by the negligence of the defendant. The instruction, if anything, was more favorable to the defendant, in that this statement specifically excluded recovery for pain and suffering not caused by the accident or not by way of aggravation of a preexisting injury. We note that no request was made for an instruction covering the specific issue of aggravation or apportionment of damages. And, further, no assignment of

error or issue was raised as to the excessiveness of the verdict.

The proper rule is set out in 22 Am. Jur. 2d, Damages, § 122, p. 173: "In an action for damages for personal injuries caused by a wrongful act or omission, the injured person is entitled to recover full compensation for all damage proximately resulting from the defendant's act, even though his injuries may have been aggravated by reason of his pre-existing physical or mental condition, rendered more difficult to cure by reason of his state of health, or more serious, because of a latent disease, than they would have been had he been in robust health. The defendant cannot invoke the previous condition of the person injured for the purpose of escaping the consequences of his own negligence or reducing the damages for which he is liable. * * * The right of a person suffering from a disease, who is injured by reason of the negligence of another, to recover for all damages proximately resulting from the negligent act, includes the right to recover for an aggravation of that existing disease." See, also, 2 A. L. R. 3d, §§ 9, 12, pp. 422, 426; Nownes v. Hillside Lounge, Inc., 179 Neb. 157, 137 N. W. 2d 361; Morford v. Lipsey Meat Co., Inc., 179 Neb. 420, 138 N. W. 2d 653.

We come to the conclusion that there was no prejudicial error on the record and the judgment of the district court is affirmed.

AFFIRMED.