ROBERT KLAWITTER, APPELLANT, V. CHRIS LAMPERT, APPELLEE.

533 N.W.2d 896

Filed June 16, 1995.   No. S–93–953.

Kathleen Koenig Rockey and James G. Kube, of Domina & Copple, P.C., for appellant.

J. Arthur Curtiss, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and BUCKLEY, D.J.

BUCKLEY, D.J.

Plaintiff–appellant Robert Klawitter brought an action for damages against defendant–appellee Chris Lampert. Following a trial, the jury returned a verdict for defendant on September 28, 1993. Pursuant to the verdict, plaintiff's petition was dismissed, from which action plaintiff appeals. We affirm.

Plaintiff was a 35–year–old high school graduate in good physical health and with prior employment experience in a variety of trades, including construction work. Defendant, who was managing the Lampert family farm, hired plaintiff to do odd jobs on the farm, including the removal of the floorboards of a hayloft of an old barn used as a granary, which defendant

wanted to convert into a shop.

Defendant explained to plaintiff what was to be done, showed him the loft area, and gave him a hammer, crowbar, nailpuller, and 12-foot extension ladder. Plaintiff proceeded to go up into the loft, using the ladder, and using the nailpuller and hammer, began taking up the floorboards and throwing them down to the floor.

The floorboards were laid on 2-by-6 rafters spaced 24 inches apart. Plaintiff elected to stand on the floorboards as he removed them, with the result that the more boards he removed, the smaller the space remained for him to stand on. At some point, in order to remove the remaining boards, he proceeded to stand on the upper 2-inch edge of the rafters, straddling with one foot on each rafter. While doing that, and with only one or two boards left to remove, he fell to the concrete floor below, sustaining serious injuries. He has no idea how or why he fell. There was no evidence of any rafter giving way or any other external cause. He apparently simply lost his balance.

Plaintiff assigns two errors: (1) The court failed to instruct the jury of defendant's duty to warn plaintiff of dangers associated with the work he was hired to do, and (2) the evidence was insufficient to support the jury's verdict.

The trial court gave the jury the following instruction:

> If an employer directs an employee to do work, where one of the methods, which could be reasonably anticipated by the employer to be utilized by the employee, is dangerous, it is negligence on the part of the employer to expose an employee to such danger unless the employer gives the employee instructions or cautions sufficient to enable the employee to do his work safely by the use of proper care by the employee.

Plaintiff did not object to this instruction, but contends that the court should have given the jury the following additional requested instruction:

> A duty rests on an employer to warn his employees of dangers not apparent which may [a]rise in the course of the employment, which the employer knows, or ought to know about, and which he has reason to believe the employee does not know and will not discover in time to protect himself.

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the appellant was prejudiced by the court's refusal to give the tendered instruction, (2) the tendered instruction is a correct statement of the law, and (3) the tendered instruction is warranted by the evidence. *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 438 N.W.2d 485 (1989).

Plaintiff's requested instruction is a correct statement of the law, see *Stevens v. Kasik*, 201 Neb. 338, 267 N.W.2d 533 (1978), but he was not prejudiced by the court's refusal to give it, because it was not warranted by the evidence. The requested instruction would place a duty on the defendant to warn the plaintiff only if these conditions existed: (1) A danger exists which is not apparent but which may arise during the work, (2) the defendant knows or should anticipate the danger, and (3) the defendant has reason to believe the plaintiff does not know of the danger.

The danger involved in this statement of the law would be one that either existed at the time the work began or arose during the course of the work of which the employee is not aware. In this case, the danger arose due to the method employed by plaintiff to finish removing the boards, namely to straddle the rafters, a method not required of plaintiff and the dangers of which he was fully aware.

The instruction given by the court recognized that it was the method used by plaintiff that created the danger, and not some danger plaintiff was not aware of. The instruction left it to the jury to decide if the method used by plaintiff could be reasonably anticipated by defendant to be used, thereby imposing a duty on defendant to adequately instruct or warn. The trial court's refusal to give the requested instruction and the instruction given were both correct.

As to plaintiff's second assignment of error, the evidence is more than sufficient to support the jury's verdict on the basis that defendant was not negligent in failing to warn, that plaintiff was contributorily negligent sufficient to bar recovery, or that he assumed the risk of his accident and resultant damages, all of which issues were raised by the pleadings and were submitted to the jury.

Because plaintiff's assignments of error are without merit, the judgment of the trial court is affirmed.

AFFIRMED.