LEROY KIRCHNER, APPELLANT, V. LARRY J. WILSON, APPELLEE.

554 N.W.2d 782

Filed November 1, 1996. No. S-94-912.

James E. Harris and Timothy K. Kelso, of Harris, Feldman, Stumpf Law Offices, for appellant.

Michael F. Coyle and James A. Mullen, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

This is a negligence action in which the vehicle operated by the defendant-appellee, Larry J. Wilson, collided with the rear of the automobile operated by the plaintiff-appellant, Leroy Kirchner. The district court determined as a matter of law that Wilson was negligent, that such negligence was the proximate cause of the collision, and that Wilson was liable for any damages Kirchner sustained as a proximate result of said collision. The jury thereafter returned a verdict in favor of Kirchner, and the district court entered judgment thereon. Being dissatisfied with the amount of the judgment, Kirchner appealed to the Nebraska Court of Appeals, asserting that the district court erred in, among other things, instructing the jury. Under our authority to regulate the caseloads of the two courts, we, on our own motion, removed the matter to this court. Kirchner's assignment of error having merit, we now reverse, and remand for a new trial on the issue of damages.

At the scene of the collision on November 25, 1990, Kirchner told an investigating police officer that his "back and neck hurt," but elected not to go to a hospital. After finishing at the scene, he continued on the trip to a department store he and his passenger wife had begun. However, as the evening progressed, Kirchner started to feel worse and reported to a hospital emer-

gency room with primary complaints of posterior headaches, neck pain, and pain radiating into his right arm.

Kirchner saw his family physician, Dr. Gilbert Head, on November 29, 1990, and an x ray of the neck was taken, which showed some early degenerative changes in the cervical spine. No other significant abnormalities were found. Because of continued pain in Kirchner's right arm, Head referred Kirchner to a neurologist, Dr. Daniel L. McKinney. Further study of the cervical spine showed a small bulge into the spinal fluid at the fifth cervical disk level. Sometime after December 27, 1990, the right-arm pain seemed to switch to the left arm.

Kirchner returned to work on February 1, 1991, and saw Head on March 11 after Kirchner caught his left finger in a machine. Kirchner attributed this occurrence to the fact that his arm and hand would go numb, causing him to have trouble picking up things.

After other measures failed to alleviate Kirchner's neck and hand complaints, McKinney performed surgery on Kirchner's neck, which relieved the neck pain but did not completely alleviate the numbness in his hand. After the neck surgery, Kirchner again returned to work.

Kirchner also testified that after the collision, he experienced pain in his lower back and legs, and while he had told Head that he was feeling better in that regard, he meant only that he was not in as much pain as he had been in earlier, but that the pain, which would come and go, persisted. Although he had experienced back pain prior to the collision, that pain was slight and across his beltline and felt like a pulled muscle, whereas after the collision, the pain radiated down into his left leg and felt like a hot poker.

Kirchner consulted McKinney about low-back pain on August 19, 1992, and in the course of performing a myelogram the next day, McKinney noted Kirchner's statement that his low-back pain had started about a year earlier and had gradually become worse. On August 26, 1992, McKinney performed a laminectomy, a surgical procedure designed to correct a herniated lumbar, or low-back, disk. In the almost 53 years Kirchner had lived prior to the collision, he had undergone four prior laminectomies, all performed by McKinney. These prior surg-

eries produced scar tissue, degenerative changes, and inflammation of the spinal cord membrane.

McKinney was unable to say with reasonable medical certainty that the trauma of the collision caused the actual herniation of the lumbar disk and the subsequent surgery. Neither could he say whether the collision aggravated the inflammation of the spinal membrane. However, McKinney stated with reasonable medical certainty that the collision aggravated Kirchner's preexisting degenerative and weakened lumbar spine conditions. McKinney also testified that it was not possible to determine how much of Kirchner's 1992 lumbar disk herniation was contributed to by his preexisting problems and how much was caused by the aggravation.

The district court instructed the jury that there "is evidence that [Kirchner] had a low back condition prior to the [collision. Wilson] is liable only for any damage that you find to be proximately caused by the [collision]." Kirchner urges that the district court erred in rejecting his request that the jury also be informed that if it could not "separate [the] damages caused by the preexisting condition from those caused by the [collision], then [Wilson] is liable for all of those damages."

To establish reversible error because of a trial court's refusal to give a requested instruction, the appellant has the burden to show that the tendered instruction correctly states the law, that it is warranted by the evidence, and that the appellant was prejudiced as a result of the refusal. See, *State on behalf of Joseph F. v. Rial, ante* p. 1, 554 N.W.2d 769 (1996); *David v. DeLeon,* 250 Neb. 109, 547 N.W.2d 726 (1996); *Klawitter v. Lampert,* 248 Neb. 231, 533 N.W.2d 896 (1995); *Burns v. Metz,* 245 Neb. 428, 513 N.W.2d 505 (1994).

The issue is controlled by *David, supra,* decided after the trial before us was concluded. The medical evidence therein was that the plaintiff's preexisting medical conditions were aggravated by the occurrence there in question. The plaintiff made no effort to apportion how much of his total postoccurrence medical impairment was attributable to the aggravations caused by the occurrence. The defendant's medical expert was unable to make such a determination, but agreed that "some part" thereof was "indeed causally linked." *Id.* at 115, 547

N.W.2d at 730. We ruled that under such a record, the trial court correctly instructed the jury:

> "There is evidence that the plaintiff had pre-existing back and joint conditions prior to the date of the accident. The defendant is liable only for any damages found to be proximately caused by the accident.
>
> "If you cannot separate damages caused by the pre-existing conditions from those caused by the accident, then the defendant is liable for all of those damages."

*Id.* at 113, 547 N.W.2d at 729. See, also, *McCall v. Weeks*, 183 Neb. 743, 164 N.W.2d 206 (1969) (negligent defendant liable for entire damages resulting from unapportioned aggravation of preexisting condition).

Because in the present case there is evidence that the collision aggravated the preexisting degenerative and weakened condition of Kirchner's lumbar spine and that the degree to which said preexisting condition was aggravated could not be determined, Kirchner's requested instruction correctly stated the law and was warranted by the evidence.

The only question remaining is whether the district court's failure to give the requested instruction prejudiced Kirchner. *David* observes that an instruction which misstates the burden of proof has a tendency to mislead the jury and is erroneous. In *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995), we stated the same rule and remanded for a new trial that aspect of the case in which the trial court had misstated the burden of proof to the defendant's prejudice. See, also, *Kaspar v. Schack*, 195 Neb. 215, 237 N.W.2d 414 (1976) (instruction placing burden on wrong party reversible error). We thus now specifically rule that since an instruction which misstates the burden of proof has a tendency to mislead the jury, it is prejudicially erroneous. Because the failure of the district court to charge the jury as requested by Kirchner had a tendency to mislead the jury as to which party had the burden of apportioning the degree to which Kirchner's preexisting low-back condition contributed to the herniation of the lumbar disk and resultant surgery, the district court's failure prejudiced Kirchner.

Accordingly, as noted in the first paragraph of this opinion, we reverse the judgment of the district court and remand the cause for a new trial on the issue of damages.

REVERSED AND REMANDED FOR A NEW TRIAL ON THE ISSUE OF DAMAGES.