STATE OF NEBRASKA, APPELLEE, V.
BHUPINDER M. GANGAHAR, APPELLANT.
609 N.W. 2d 690

Filed April 25, 2000.    No. A-99-968.

Glenn A. Shapiro, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

SIEVERS, Judge.

Bhupinder M. Gangahar appeals his third degree sexual assault conviction for kissing and fondling an undercover police officer posing as a new employee hired to work the night shift at a hotel which Gangahar managed.

## BACKGROUND

In October 1998, Gangahar was the manager at the Ramada Inn hotel in Sarpy County. The Sarpy County Sheriff's Department was investigating Gangahar after receiving some complaints regarding Gangahar. On October 23, Deputy Kathleen Hatfield went to the hotel posing as a job applicant. Gangahar interviewed and hired Hatfield that same evening, and she began working the next evening.

Hatfield reported to work shortly after midnight on October 25, 1998. She was equipped with an audio recording device and had a video camera in her purse. Investigator Rick Wheeler, of the Sarpy County Sheriff's Department, monitored the audio recording device in an unmarked police car outside the hotel. Hatfield placed the video camera so that it could record the events that occurred behind the hotel front desk.

The video shows that Gangahar put his arm around Hatfield's waist while he instructed her on her duties at the front desk. At some point after the other employees had gone home, Gangahar suggested that Hatfield join him in the sitting room to watch television. Initially, they were at opposite ends of a couch. Then, Gangahar got up to shut off the light and, when he returned, sat next to Hatfield. Gangahar then pulled Hatfield toward himself

and attempted to kiss her. Hatfield put her head down to avoid Gangahar's attempts to kiss her. When Gangahar asked Hatfield, "Do you like that?" she responded by saying, "Well, yeah," and "It's just, I don't know, it's not right to do at work."

Gangahar then got his portable telephone and told Hatfield to follow him. He took Hatfield to one of the hotel rooms. When Hatfield entered the room, she sat on the edge of the bed and kicked off her shoes. Gangahar sat next to her and invited her to move up toward the center of the bed. When Hatfield moved to the center of the bed, Gangahar attempted to kiss her again, but she put her head down each time. Gangahar would stop when Hatfield told him to, but then he would begin again. Gangahar fondled Hatfield's breast over her clothing and placed her hand on his genital area over his clothing. Hatfield then pulled away and told him to stop. Gangahar then put his right leg over Hatfield's left leg and rolled on top of her. She then pushed him away and got up. Gangahar made no attempt to stop Hatfield from leaving the room. Hatfield stated that she never attempted to kiss or touch Gangahar and that she told him no numerous times.

Gangahar was tried and convicted of third degree sexual assault after a jury trial in the Sarpy County Court on April 13, 1999. He was sentenced to 180 days in jail and to pay a $1,000 fine. The district court for Sarpy County affirmed Gangahar's conviction on appeal. Gangahar timely filed this appeal.

## ASSIGNMENTS OF ERROR

Gangahar asserts that (1) the evidence is insufficient as a matter of law to support the conviction, (2) the trial court erred by failing to give Gangahar's requested instruction on consent, (3) the trial court erred by allowing the State to introduce evidence of bad acts, and (4) the trial court abused its discretion in imposing the maximum penalty.

## ANALYSIS

*Sufficiency of Evidence.*

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the

evidence, or failure to prove a prima facie case, the standard of review is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. *State v. Castor*, 257 Neb. 572, 599 N.W.2d 201 (1999). Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Ramsay*, 257 Neb. 430, 598 N.W.2d 51 (1999).

■ Gangahar first argues the evidence adduced at trial was insufficient to support his conviction as a matter of law. The material elements for third degree sexual assault that the State must prove to sustain Gangahar's conviction are that he subjected another person to sexual contact without consent of the victim. See Neb. Rev. Stat. § 28-320 (Reissue 1995). The undisputed evidence shows that Gangahar kissed Hatfield, fondled her breast, and placed her hand on his genital area. Thus, the evidence clearly supports the proposition that Gangahar subjected Hatfield to sexual contact. Hatfield testified that she said no and that she did not consent to such contact. Taking Hatfield's testimony most favorably to the State as we must do, we find the evidence is sufficient to support Gangahar's conviction.

*Jury Instruction on Victim's Consent.*

■ The proper instruction of a jury is a question of law. Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court. *Stones v. Sears, Roebuck & Co.*, 251 Neb. 560, 558 N.W.2d 540 (1997); *State v. Hawes*, 251 Neb. 305, 556 N.W.2d 634 (1996).

■ Jury instructions are generally subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects substantial rights of the complaining party. *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996); *Bunnell v. Burlington Northern RR. Co.*, 247 Neb. 743, 530 N.W.2d 230 (1995).

■ Gangahar argues that the trial court erred in instructing the jury on the definition of "without consent." At the jury instruction conference, Gangahar requested an instruction on

the definition of without consent as provided in Neb. Rev. Stat. § 28-318(8) (Reissue 1997), which reads:

Without consent means:

(a)(i) The victim was compelled to submit due to the use of force or threat of force or coercion, or (ii) the victim expressed a lack of consent through words, or (iii) the victim expressed a lack of consent through conduct, or (iv) the consent, if any was actually given, was the result of the actor's deception as to the identity of the actor or the nature or purpose of the act on the part of the actor;

(b) The victim need only resist, either verbally or physically, so as to make the victim's refusal to consent genuine and real and so as to reasonably make known to the actor the victim's refusal to consent; and

(c) A victim need not resist verbally or physically where it would be useless or futile to do so[.]

Gangahar requested the entire statute be used; however, the trial court, over Gangahar's objection, instructed the jury to use only the language in § 28-318(8)(a)(ii), "the victim expressed a lack of consent through words, or (iii) the victim expressed a lack of consent through conduct."

■ To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *Reavis v. Slominski, supra*; *Klawitter v. Lampert*, 248 Neb. 231, 533 N.W.2d 896 (1995).

■ Gangahar's request was premised on the statutory definition of without consent, and as such, it would be a correct statement of the law. The State admits this in its brief, but argues that the evidence did not require the instruction. Gangahar argues that § 28-318(8)(b) is critical to his defense because subsection (8)(b) imposes a subjective test which requires that any refusal to consent must be "genuine and real and so as to reasonably make known to the actor the victim's refusal to consent." As such, the law places the burden on the State to prove that a victim's conduct was sufficient to show that the accused either knew or should have known that the victim refused consent.

■ The instruction given by the county court directed the jury to examine only the victim's conduct in determining whether consent was given. However, the language of the statute which was not included in the instruction requires that a jury determine not only whether the victim refused consent, but whether such refusal was sufficient to be genuine and real so as to make it reasonably known to the accused that there was a lack of consent to Gangahar's advances. Consequently, the instruction as given was an incomplete statement of the law. However, an incomplete jury instruction is not reversible error if the complete instruction was not warranted by the evidence or if the incomplete instruction did not prejudice Gangahar. See *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996).

Initially, we consider whether giving the entire statutory definition of without consent was warranted by the trial evidence. The evidence shows that Hatfield did not protest when Gangahar put his arm around her waist while instructing her on her duties. When Gangahar attempted to kiss her and asked her whether she liked it, Hatfield avoided the kiss but said "Well, yeah," and "It's just, I don't know, it's not right to do at work." When Gangahar directed Hatfield into one of the hotel rooms, she did not protest. When she entered the room, she chose to sit on the bed instead of in a chair. Once she was on the bed, she removed her shoes. When Gangahar invited her to the middle of the bed, she complied. When Hatfield pushed Gangahar away and got off the bed, he made no attempt to keep her from leaving. The statute puts in issue whether Hatfield's words, actions, or inaction made her lack of consent "genuine and real" sufficient for Gangahar to reasonably know that there was a refusal to consent to his advances.

From this evidence, a jury could have concluded that Hatfield's conduct was not sufficient to make her refusal of consent reasonably known to Gangahar. However, the jury was instructed to only consider whether Hatfield refused consent by words or conduct, which the evidence shows she did, but not to consider whether her words and conduct would reasonably put Gangahar on notice that she did not consent. In short, while Hatfield said "no," the statute allows Gangahar to argue that given all of her actions or inaction, "no did not really mean no."

But we emphasize that under the statute, it is not just that Gangahar thought "no did not mean no," but whether a reasonable person would have known that Hatfield's words and conduct were a "genuine and real" refusal of consent. The trial court failed to completely instruct the jury on how Hatfield's conduct was relevant to the issues presented at trial. As such, reversible error occurred because the jury was not instructed to consider whether Hatfield's refusal of consent was genuine, was real, and would be known as such to a reasonable person in Gangahar's position.

*Prior Bad Acts Evidence.*

Gangahar next asserts the trial court erred in allowing the State to introduce evidence of prior bad acts. In reviewing decisions of a district court which affirmed, reversed, or modified decisions of a county court, a higher appellate court will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the higher appellate court. See *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994). The record before us does not contain a copy of Gangahar's statement of error filed in the district court. However, if we can tell from the district court's order what was advanced as error in the district court, we can consider those same errors if asserted here. See *Lindsay Ins. Agency v. Mead*, 244 Neb. 645, 508 N.W.2d 820 (1993). The final order from Gangahar's appeal to the district court provides no indication that he assigned any error regarding evidence of prior bad acts at that level. Therefore, Gangahar has not preserved for our review the assigned error concerning prior bad acts, and we do not consider it, even though it may arise again on remand.

Finally, Gangahar argues that the sentence imposed by the trial court is excessive. Given our remand for a new trial, we need not consider this claim. Having found prejudicial error in the instructions to the jury, we reverse Gangahar's conviction for third degree sexual assault. However, since the evidence was sufficient for conviction, we remand the matter for a new trial. See *State v. Hingst*, 251 Neb. 535, 557 N.W.2d 681 (1997).

REVERSED AND REMANDED FOR A NEW TRIAL.