LEROY KIRCHNER, APPELLANT, V.
LARRY J. WILSON, APPELLEE.
634 N.W. 2d 760

Filed September 28, 2001.   No. S-00-254.

James E. Harris and Britany S. Shotkoski, of the Harris, Feldman Law Offices, for appellant.

Michael F. Coyle, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
This is an appeal from a personal injury trial limited to the issue of damages. Leroy Kirchner appeals from a jury verdict entered by the district court for Douglas County which found in favor of Larry J. Wilson and against Kirchner on Kirchner's claim for damages arising out of an automobile accident. Based on the jury's verdict, no damages were awarded and Kirchner's petition was dismissed. We affirm.

## STATEMENT OF FACTS
This is the second appearance of this case in this court. See *Kirchner v. Wilson*, 251 Neb. 56, 554 N.W.2d 782 (1996). A detailed statement of facts is set forth in that case.

- Briefly summarized, on November 25, 1990, a vehicle operated by Wilson collided with the rear of an automobile operated by Kirchner in the intersection of 66th and Maple Streets in Omaha, Nebraska. Kirchner sued Wilson for negligence, alleging, inter alia, that he had sustained personal injuries as a result of the automobile accident, including injuries to his neck and lumbar spine, which injuries necessitated cervical spine surgery as well as a laminectomy to correct a herniated lumbar disk.

Kirchner's lawsuit against Wilson initially went to trial in September 1994 (the first trial). In the first trial, the district court determined as a matter of law that Wilson was negligent, that his negligence was the proximate cause of the collision, and that Wilson was liable to Kirchner for any damages Kirchner sustained which were proximately caused by the collision.

During the first trial, the court received into evidence testimony that established that Kirchner had had four laminectomies prior to the November 1990 automobile accident. Wilson introduced into evidence the testimony of two expert witnesses, Dr. Bernard Kratochvil, an orthopedic surgeon, and Dr. Richard Howard, a physician and biomedical engineer. Kratochvil and Howard testified, inter alia, that the November 1990 automobile accident did not cause Kirchner's cervical and lumbar injuries.

After deliberating, the jury in the first trial returned a verdict in favor of Kirchner and awarded him $3,161.90 in damages. Dissatisfied with that award, Kirchner appealed, asserting that

the district court erred in, among other things, giving one of its instructions to the jury. In *Kirchner, supra*, we concluded that Kirchner's assignment of error regarding the jury instruction had merit, and we reversed, and remanded for a new trial limited to the issue of damages.

On May 18, 1998, following remand, Kirchner filed a motion to conduct a hearing to determine under the *Frye* standard the admissibility of expert scientific testimony from Howard, and "derivative or related opinions" from Kratochvil, regarding the mechanics of the November 1990 automobile accident and the injury, if any, to Kirchner as a result of such accident. In *Schafersman v. Agland Coop, ante* p. 215, 631 N.W.2d 862 (2001), this court recently described the *Frye* standard, first set forth by the U.S. Court of Appeals for the District of Columbia in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). *In Schafersman*, we observed that for expert scientific testimony to be admissible under the *Frye* test, "the proponent of the evidence must prove general acceptance [of the principles contained in the proposed testimony] by surveying scientific publications, judicial decisions, or practical applications, or by presenting testimony from scientists as to the attitudes of their fellow scientists." *Ante* at 222, 631 N.W.2d at 870.

We note that in *Schafersman*, we held prospectively that for trials commencing on or after October 1, 2001, the admissibility of expert opinion testimony under the Nebraska Evidence Rules would no longer be based upon the *Frye* test, but instead would use the analysis set forth by the U.S. Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The *Daubert* test requires, inter alia, proof of the scientific validity of the principles and methodology utilized by an expert in arriving at an opinion in order to establish the evidentiary relevance and reliability of that opinion. Because the instant case was tried prior to October 1, 2001, the *Frye* test governs.

Kirchner's motion came on for hearing on March 2, 1999. Sixteen exhibits were received into evidence, and both parties presented oral arguments. At the hearing, Kirchner argued, inter alia, that Howard's opinions based upon biomechanics and

injury causation analysis "are so farfetched that they don't even come close to the . . . standard required under Frye." In an order filed March 19, the district court rejected Kirchner's argument and found that the testimony offered by Howard with regard to injury causation analysis was generally accepted in the scientific community and that Howard was qualified under the *Frye* test to testify as an expert witness.

On February 14, 2000, Kirchner filed a motion in limine in which he renewed his *Frye* objection to Howard's testimony and also sought to prohibit Kratochvil from testifying at trial on the issue of causation. On February 16, the district court overruled Kirchner's motion in limine. Thereafter, commencing on February 16, and continuing through February 18, the second jury trial (the second trial) was held, limited solely to the issue of damages. See *Kirchner v. Wilson*, 251 Neb. 56, 554 N.W.2d 782 (1996). This appeal stems from the second trial.

Prior to the commencement of the second trial, the parties had stipulated that if Howard's testimony was deemed admissible, Howard's testimony from the first trial could be used in lieu of Howard's appearing live and testifying during the second trial. At some point after the parties made opening statements during the second trial, Wilson informed Kirchner that he would not be offering Howard's testimony.

As part of his case, Kirchner intended to present the videotaped testimony of his expert, Dr. Michael Freeman, a substantial portion of whose testimony consisted of a challenge to the credibility of Howard's opinions. Accordingly, in the second trial, after Wilson decided not to offer Howard's testimony, Kirchner called Howard as one of his witnesses in his case in chief and read portions of Howard's testimony from the first trial into the record. Wilson then in effect "cross-examined" Howard, without objection, by reading into the record of the second trial additional portions of Howard's testimony from the first trial. Thereafter, Kirchner played for the jury Freeman's videotaped deposition consisting, in part, of an attack on Howard's testimony.

During the second trial, a total of 7 witnesses testified and 29 exhibits were received into evidence. Among the witnesses called by Wilson was Kratochvil. Kratochvil, a physician specializing

in orthopedics with over 38 years of experience, testified, inter alia, that he had examined Kirchner and Kirchner's medical records and that Kirchner's neck injury was not caused by the November 1990 automobile accident.

At the close of all the evidence, the case was submitted to the jury. On February 22, 2000, after deliberation, the jury returned a verdict in which it stated that it found for the "defendant on plaintiff's petition." On May 16, the district court entered judgment on the jury's verdict, dismissing Kirchner's petition.

Kirchner appeals.

## ASSIGNMENTS OF ERROR

On appeal, Kirchner has assigned two errors. Kirchner claims the district court erred (1) in concluding that Wilson met his burden under the *Frye* test with respect to his "proffered novel scientific testimony, which is not generally accepted in the relevant scientific community" and (2) in failing to exclude the causation opinions of Howard and Kratochvil which were "not probative, irrelevant, too generic, lacking in foundation, without sound or reasonable basis, ignored actual facts, and/or based on speculation and conjecture."

## STANDARDS OF REVIEW

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *Genetti v. Caterpillar, Inc.*, 261 Neb. 98, 621 N.W.2d 529 (2001); *Nickell v. Russell*, 260 Neb. 1, 614 N.W.2d 349 (2000). Because the exercise of judicial discretion is implicit in determinations of relevancy and admissibility under Neb. Rev. Stat. § 27-401 (Reissue 1995), the trial court's decision will not be reversed absent an abuse of discretion. See, *Genetti, supra*; *Holden v. Wal-Mart Stores*, 259 Neb. 78, 608 N.W.2d 187 (2000). Similarly, an appellate court's review of the trial court's admission or exclusion of expert testimony which is otherwise relevant will be for an abuse of discretion. *Schafersman v. Agland Coop, ante* p. 215, 631 N.W.2d 862 (2001). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to

act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id.*

## ANALYSIS

*Admission of Howard's Expert Testimony Under* Frye *Test.*

In his first assignment of error, Kirchner claims that the district court erred in admitting expert witness testimony which did not meet the *Frye* test. In the assignment of error, Kirchner does not identify the testimony he finds objectionable. We note, however, that Kirchner's brief regarding the first assignment of error is limited to a discussion of the admission of Howard's testimony. We have previously stated that a claimed prejudicial error must not only be assigned, but must also be discussed in the brief of the asserting party, and an appellate court will not consider assignments of error which are not discussed in the brief. See, *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001); *Carroll v. Chase County*, 259 Neb. 780, 612 N.W.2d 231 (2000). Thus, we construe Kirchner's first assignment of error as challenging only the admissibility of Howard's testimony under the *Frye* test. So construed, we conclude there is no merit to Kirchner's first assignment of error.

It is undisputed that Wilson decided during the second trial not to call Howard as an expert defense witness and that Howard's testimony was introduced into evidence by Kirchner during his case in chief. According to counsel for Kirchner, Kirchner elected to call Howard for the purpose of "attack[ing] Dr. Howard's credibility. Both by his own testimony and by the testimony of [Kirchner's] expert, Dr. Freeman." It is a well-established principle that a party cannot complain of an error which that party has invited the court to commit. *Kalkowski v. Kalkowski*, 258 Neb. 1035, 607 N.W.2d 517 (2000); *Gustafson v. Burlington Northern RR. Co.*, 252 Neb. 226, 561 N.W.2d 212 (1997); *Hoover v. Burlington Northern RR. Co.*, 251 Neb. 689, 559 N.W.2d 729 (1997). Because Kirchner introduced Howard's testimony into evidence at trial, on appeal, he cannot claim error from the trial court's admission of such testimony. See, also, *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991)

(concluding that litigant cannot introduce evidence and later complain that it was error to consider such evidence). By introducing Howard's testimony, Kirchner has waived any *Frye* objection he had to such testimony. Accordingly, we find no merit to Kirchner's first assignment of error.

*Admission of Causation Opinions of Howard and Kratochvil.*

In his second assignment of error, Kirchner claims that the district court erred in admitting the causation opinions of Howard and Kratochvil. Kirchner argues generally that the opinions of Howard and Kratochvil are flawed and not reasonable. We conclude that this assignment of error is without merit.

It is within the trial court's discretion to determine if there is sufficient foundation for an expert witness to give his or her opinion about an issue in question. *Walkenhorst v. State*, 253 Neb. 986, 573 N.W.2d 474 (1998). A trial court's ruling in receiving or excluding an expert's opinion which is otherwise relevant will be reversed only when there has been an abuse of discretion. *Schafersman v. Agland Coop, ante* p. 215, 631 N.W.2d 862 (2001). To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded. *Walkenhorst, supra.*

As to Kirchner's claim that the district court erred in admitting Howard's causation testimony, we have previously concluded that because Kirchner offered such testimony, he waived any objection to the same, and accordingly, we conclude that there is no merit to that portion of Kirchner's second assignment of error in which he claims that Howard's testimony should have been excluded. As to Kirchner's argument that the district court erred in admitting Kratochvil's causation testimony because such testimony was unreasonable and flawed, we conclude there is no merit to such assignment of error.

Wilson called Kratochvil as an expert witness. Kratochvil testified generally that Kirchner's condition was not caused by the November 1990 automobile accident. The record discloses that Kratochvil is a physician, specializing in orthopedic medicine. At the time of trial, he had specialized in orthopedics for 38 years. He is licensed to practice medicine in the states of Nebraska,

Iowa, Minnesota, and California. Kratochvil is on either the active or the consulting staffs of Bergan Mercy Medical Center, St. Joseph Hospital, Children's Hospital, Methodist Hospital, the University of Nebraska Medical Center, and Immanuel Medical Center, all in Omaha. He is a member of a number of professional medical societies, including the American Academy of Orthopedic Surgeons and the Clinical Orthopaedic Society.

With respect to Kirchner's complaints of injury allegedly sustained in the November 1990 automobile accident, Kratochvil examined Kirchner on March 4, 1992. Prior to his examination of Kirchner, Kratochvil reviewed certain of Kirchner's medical records. Kratochvil reviewed additional medical records concerning Kirchner after the March 4 examination. Based upon his education, training, experience, and examination of Kirchner and Kirchner's medical records, Kratochvil testified, inter alia, that Kirchner's neck injury was not caused by the November 1990 automobile accident.

As argued in his brief, Kirchner's assignment of error goes to the weight and credibility of Kratochvil's testimony rather than to its admissibility. We have recently stated that

[w]hile recognizing the principle that an expert's opinion must have a sound and reasonable basis such that an expert is able to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture . . . an appellate court is not a superexpert and will not lay down categorically which factors and principles an expert may or may not consider. Such matters go to the weight and credibility of the opinion itself and not to its admissibility.

*Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 770, 626 N.W.2d 472, 510 (2001). Given the sound and reasonable basis behind Kratochvil's testimony and the certainty with which his opinion was expressed, we find no abuse of discretion in the district court's admission of Kratochvil's causation testimony.

Because Kirchner waived the objection he might have had to Howard's testimony and because there is ample basis in the record for the admission of Kratochvil's testimony which was expressed with sufficient certainty, we conclude there is no merit to Kirchner's second assignment of error.

## CONCLUSION

For the reasons set forth above, we affirm the decision of the district court entering judgment in conformity with the jury verdict in favor of Wilson and against Kirchner and dismissing Kirchner's petition.

AFFIRMED.